Date signed June 22, 2007



PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re: <br><br> **Real Estate Investors Advantage, LLC,** <br><br> Debtor. | Case No. 06-15528PM <br> **Chapter 7** |
|---|---|
| **Janet M. Nesse, Trustee,** <br> Plaintiff, <br> v. <br><br> **Nathaniel Xavier Arnold,** <br> Defendant. | AP No. 06-01783PM |

## MEMORANDUM OF DECISION

This matter came before the court for hearing on June 21, 2007, on the Chapter 7 Trustee's Motion for Summary Judgment, and the Opposition of defendant Nathaniel Xavier Arnold.[1]

The Chapter 7 Trustee commenced this adversary proceeding on November 6, 2006, pursuant to 11 U.S.C § 542, seeking judgment against the defendant in the amount of $71,159.00, plus pre- and post-judgment interest, and the costs and fees incurred in the action.

The undisputed facts, as set forth by the Chapter 7 Trustee in her Motion, are that the defendant is the president and majority shareholder of the debtor, Real Estate Investors Advantage, LLC. In 2004, as reflected on the debtor's federal tax return, a loan was made to a shareholder. The balance of the loan, as of the end of 2004, was $71,159.00. Deposition testimony of the defendant and accountant Patrick Carter, taken on April 24, 2007, albeit ambiguous, indicated that, in all

---

[1] The court notes that the Opposition is erroneously titled "Debtor's Opposition to Trustee's Motion for Summary Judgment." The debtor herein is Real Estate Investors Advantage, LLC, and is not a party to this adversary proceeding.

likelihood, the loan was made by the debtor to the defendant.

At the hearing in this matter, counsel for the defendant represented that the defendant did not dispute that the debtor made a loan for his benefit, the balance of which totaled $71,159.00 as of the end of 2004. However, in defense and in support of denial of the Chapter 7 Trustee's Motion, counsel asserted that summary judgment was improper because the amount of the loan was in dispute as the defendant had repaid certain amounts, reducing the obligation.

Having admitted the obligation on the record in open court and failing to proffer competent evidence with respect to any repayment of the loan, the Chapter 7 Trustee's Motion will be granted. The discussion on the record as to the debtor's corporate records was wholly immaterial as the very best evidence in defense of this action is the defendant's cancelled checks reflecting payment to the debtor, readily available to the defendant from his financial institution. The court notes that the defendant had seven months to prepare a defense and obtain documentary evidence in support thereof. Counsel's representation that the defendant is planning to request such documents for trial is simply not enough to justify denial of summary judgment.

An appropriate order will be entered in accordance with this decision.

cc:    Janet M. Nesse
Stinson Morrison Hecker
1150 18th Street
Suite 800
Washington, DC 20036

Nathaniel Xavier Arnold
9716 Kisconke Road
Ft. Washington, MD 20744

Jonathan C. Silverman
Garza, Regan & Associates, P.C.
17 West Jefferson St.
Rockville, MD 20850

**End of Memorandum of Decision**